■ COUNTY OF CHEMUNG, Respondent, v JACK SHAPPEE, Individually and Doing Business as SHAPPEE'S MOBILE HOME PARK, Appellant. [598 NYS2d 587] —Levine, J. Appeal from an order of the Supreme Court (Ellison, J.), entered November 8, 1991 in Chemung County, which, *inter alia,* granted plaintiff's motion to enter onto defendant's premises to make emergency repairs.

Defendant operates a mobile home trailer park in the Town of Big Flats, Chemung County. He has been involved in disputes with plaintiff's Health Department over violations of the State Sanitary Code (10 NYCRR ch I, parts 1-24) at the trailer park since 1988, culminating in the commencement of this action in 1989. The action seeks enforcement of a stipulation entered into at an administrative hearing, in which defendant agreed to correct various violations of the State and County Sanitary Codes and to pay fines totaling $3,000.

In early October 1991, while this action was pending, plaintiff received complaints from residents of defendant's trailer park that no water was supplied to the tenants from September 28 through 30. Plaintiff advised defendant by letter that he was responsible for supplying safe water to the residents of the trailer park and that, under the State Sanitary Code, the disruption of service complained of constituted a public health hazard. The letter directed defendant to notify plaintiff's Health Department immediately upon any recurrence of a loss of water supply so that appropriate remedial action could be performed.

On October 31, 1991, without any response to the foregoing letter or notice in conformity therewith, plaintiff received new complaints of total loss of water service at defendant's trailer park on October 28 and 29. An inspection of the water system at the premises disclosed that the water pressure was below State minimum water pressure standards. Plaintiff's Health Department officials were unable to make contact with defendant to discuss measures to ameliorate this condition. Plaintiff then brought on the instant order to show cause seeking court authorization to enter the premises of defendant's trailer park to make the necessary repairs to the water system, to collect all rents from the tenants of the trailer park to be applied toward the cost of such repairs and to place a lien upon defendant's property for any deficiency.

Defendant appeared on the return date of the order to show

cause and argued and submitted papers in opposition. After hearing argument, Supreme Court rendered a bench decision granting plaintiff all of the relief requested. However, before a formal order was submitted, the court directed plaintiff's attorney to submit an order authorizing plaintiff to enter the trailer park to inspect and make the necessary repairs to the water system, but as to reimbursements for the costs of repairs, merely allowing plaintiff to amend its complaint to make an additional claim for such expenditures.

On appeal, defendant's principal contentions are that Supreme Court improperly granted the order to show cause in an action in which insufficient water supply to the trailer park was not one of the issues, and that granting the order appealed from without holding an evidentiary hearing denied him procedural due process. Neither of these contentions is persuasive.

The order to show cause was based upon the occurrence of two interruptions of water service at defendant's trailer park, each extending over a period of days. Under the State Sanitary Code, a "disruption of water service of four hours or more" constitutes a "[p]ublic health hazard" (10 NYCRR 5-1.1 [ar] [6]). A public health hazard is defined as a "condition which can be responsible for or cause illness, injury or death and *for which immediate corrective or remedial action is required*" (10 NYCRR 5-1.1 [ar] [emphasis supplied]). Plaintiff's proof indicated that defendant disregarded plaintiff's first notice concerning the public health hazard of loss of water service at his trailer park. There is clear-cut statutory authority for plaintiff's health officials to enter the trailer park to inspect the water system and perform whatever repairs are necessary to abate that hazardous condition, even without a court order *(see,* Public Health Law § 1303 [1]; § 1305 [2]). There is also statutory and decisional authority for county health officials to invoke the equity powers of the courts to enforce their responsibilities to abate or alleviate conditions hazardous to the public health *(see,* Public Health Law § 1308; *New York Trap Rock Corp. v Town of Clarkstown,* 299 NY 77, 85-87). If the circumstances require immediate action, there is statutory sanction to proceed by an ex parte application *(see,* Public Health Law § 1308). Thus, it was entirely proper for plaintiff to use an order to show cause to bring on this application for injunctive relief to abate the health hazard at defendant's trailer park. Nor do we find any infirmity in employing that device in this pending action dealing with

other Sanitary Code violations at the trailer park, as an additional claim for relief in the action.

Defendant's alternative complaint of a denial of due process is similarly without merit. Defendant was put on notice and given an opportunity to be heard on plaintiff's application. His right to contest the necessity for repairs to the water system at his trailer park was preserved under the order herein, wherein plaintiff was granted leave to add a cause of action for its inspection and repair expenditures, but no right to immediate recovery thereof. That was all the process defendant was due before plaintiff was given judicial authorization to enter defendant's premises, inspect and then perform necessary repairs to the water supply system in order to insure no recurrence of the disruption of water service (see, City of Newburgh v Park Filling Sta., 273 App Div 24, 26-28, affd 298 NY 649). We note also that in his opposing papers defendant never flatly denied that a loss of water service had in fact occurred.

Mikoll, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.